```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------x        19-MJ-63
UNITED STATES OF AMERICA,

vs.
                                    Buffalo, New York
SHANE GUAY,                         April 17, 2019
              Defendant.
---------------------------x
```

**INITIAL APPEARANCE AND DETENTION HEARING**

DIGITALLY-RECORDED TRANSCRIPT OF PROCEEDINGS
BEFORE MAGISTRATE JUDGE JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE

JAMES P. KENNEDY JR., ESQ.
United States Attorney
BY:  JEREMY MURRAY, AUSA
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202

FOR DEFENDANT:        MARIANNE MARIANO, ESQ.
                      Federal Public Defender
                      BY:  JEFFREY T. BAGLEY, AFPD
                      300 Pearl Street
                      Suite 200
                      Buffalo, New York 14202

ALSO PRESENT:         Ashley McNeal, U.S. Probation Office

TRANSCRIBER:          Diane S. Martens
                      Rochester, New York 14614
                      (585)613-4311

US v. Guay – 19-MJ-63

1                    **P R O C E E D I N G S**

2                    *              *              *

3

4              (**WHEREUPON**, the defendant is present.)

5              **THE CLERK:**  For the record, this is United States

6    versus Shane Guay, case number 19-MJ-63.

7              For the government, Jeremy Murry.  For the

8    defendant, from the Federal Public Defender's Office for

9    possible assignment, Jeffrey Bagley.  The defendant is

10   present.

11             Also present from U.S. Probation Office is

12   Ashley McNeal.

13             We are here for an initial appearance.

14             The Honorable Jeremiah J. McCarthy presiding.

15             And this is a sealed case.

16             **MAGISTRATE JUDGE McCARTHY:**  Is there a motion to

17   unseal?

18             **MR. MURRAY:**  Yes, your Honor.

19             **MAGISTRATE JUDGE McCARTHY:**  That motion is granted.

20             Mr. Guay, you are named in an amended criminal

21   complaint dated today's date April 17th, 2019.  Have you

22   received a copy of that complaint and the supporting

23   affidavit?

24             **THE DEFENDANT:**  Yes.

25             **MAGISTRATE JUDGE McCARTHY:**  Mr. Murray, would you

Case 1:19-cr-00103-JLS-HKS   Document 5   Filed 04/18/19   Page 3 of 25

1    briefly summarize the charges and the potential penalties.

2    **MR. MURRAY:**  Yes, your Honor.  On or about

3    November 6th, 2016, in the County of Cattaraugus in the

4    Western District of New York, the defendant did knowingly

5    employ, use, persuade, entice and coerce a minor who was

6    under the age of 18 years, to engage in sexually explicit

7    conduct as defined in Title 18, United States Code, Section

8    2256(2), for the purpose of producing visual depictions of

9    such conduct using materials that had been mailed, shipped

10   and transported in and effecting interstate and foreign

11   commerce by any means, including by computer, and the visual

12   depictions were transported and transmitted using any means

13   and facility of interstate and foreign commerce, all in

14   violation of Title 18, United States Code, Section 2251(a)

15   and 2251(e), which carries a minimum of 15 years in prison, a

16   maximum of 30 years in prison, a max fine of $250,000 and a

17   period of supervised release of 5 years and up to life.

18        On or about April 2nd, 2017, in the Western

19   District of New York, the defendant did knowingly receive

20   child pornography, as defined in Title 18, United States

21   Code, Section 2256(8), that had been shipped and transported

22   using any means and facility of interstate and foreign

23   commerce and had been shipped and transported in and

24   affecting interstate and foreign commerce by any means,

25   including by computer, in violation of Title 18, United

US v. Guay – 19-MJ-63

1   States Code, section 2252A(a)(2)(A) and 2252A(b)(1) which

2   carries a minimum of 5 years in prison, a maximum of 20 years

3   in prison, a max fine of $250,000 and post-release

4   supervision of at least 5 years and up to life.

5           On or about June 5th, 2018, in the Western District

6   of New York the defendant did knowingly possess child

7   pornography as defined in Title 18, United States Code,

8   Section 2256(8), in violation of Title 18, United States

9   Code, Section 2252A(a)(5)(B) which carries a maximum of 10

10  years in prison, a max fine of $250,000, and post-release

11  supervision of at least 5 years and up to life.

12          **MAGISTRATE JUDGE McCARTHY:**  Thank you.

13          Sir, you have the right to remain silent.  Anything

14  that you say may be used against you.  You have the right to

15  be represented by an attorney.  If you cannot afford an

16  attorney, one will be appointed for you.

17          Are you asking for appointment of an attorney?

18          **THE DEFENDANT:**  Yes.

19          **MAGISTRATE JUDGE McCARTHY:**  Would you raise your

20  right hand, please.

21          (**WHEREUPON,** the defendant was duly sworn.)

22          **MAGISTRATE JUDGE McCARTHY:**  You may put your hand

23  down.  Could you speak up a little bit please.

24          I have before me a financial affidavit dated

25  today's date.

1          Is that your signature on the affidavit?

2          **THE DEFENDANT:**  Yes.

3          **MAGISTRATE JUDGE McCARTHY:**  Is the information

4    complete and accurate?

5          **THE DEFENDANT:**  Yes.

6          **MAGISTRATE JUDGE McCARTHY:**  That indicates you're

7    not currently employed and that you receive -- what is this

8    public assistance and food stamps?

9          **THE DEFENDANT:**  (No audible response.)

10          **MAGISTRATE JUDGE McCARTHY:**  And that you have a

11    small bank account but otherwise no income and no property,

12    correct?

13          **THE DEFENDANT:**  Yes.

14          **MAGISTRATE JUDGE McCARTHY:**  And based on your

15    statements, I find that you are eligible for appointment of

16    counsel.

17          I'll ask Mr. Bagley of the federal public

18    defender's office to represent you.

19          **MR. BAGLEY:**  Yes, Judge, I accept.  Thank you.

20          **MAGISTRATE JUDGE McCARTHY:**  Thank you.

21          The defendant is also entitled to a preliminary

22    hearing to determine whether the charges of the complaint are

23    supported by probable cause.

24          Do you wish to have that hearing?

25          **MR. BAGLEY:**  No, Judge.

1          **MAGISTRATE JUDGE McCARTHY:**  All right.  Mr. Murray,

2    what is the government's position on detention or release?

3          **MR. MURRAY:**  Your Honor, the government

4    respectfully requests the defendant be detained.  We would be

5    proceeding under 18, U.S.C., 3142(f)(1)(E), felony involving

6    a minor victim, rebuttable presumption under 18 U.S.C.

7    3142(e)(3)(E), since the defendant is charged with an offense

8    involving a minor victim under 2251(a) and 2252A(a)(2), and

9    also be moving under 3142(f)(2)(A), risk of flight.  And the

10   factors under 18, U.S.C., 3142(g) revealed that the defendant

11   is a flight risk and a danger to the community.

12          It's the government's position that there are no

13   conditions or combination of conditions that would reasonably

14   assure the defendant's appearance as required.  And the

15   government can go forward with a detention hearing today and

16   set out in more detail those 3142(g) factors.

17          **MAGISTRATE JUDGE McCARTHY:**  Well, let me ask –– and

18   do you wish to proceed today or do you ––

19          **MR. BAGLEY:**  Yes, Judge, I have spoken to Mr. Guay

20   and we're prepared to move forward today.

21          **MAGISTRATE JUDGE McCARTHY:**  We don't have a ––

22   Ms. McNeal, do you have a verbal report?

23          **PROBATION OFFICER McNEAL:**  Your Honor, yes, I can

24   provide a verbal report to the Court.

25          **MAGISTRATE JUDGE McCARTHY:**  Well ––

US v. Guay — 19-MJ-63

1      **PROBATION OFFICER McNEAL:**  The information has not

2  yet been verified.

3      **MAGISTRATE JUDGE McCARTHY:**  Let me hear first from

4  Mr. Murray.

5      **MR. MURRAY:**  Yes, your Honor.

6      **MAGISTRATE JUDGE McCARTHY:**  Let me ask you

7  preliminarily, Mr. Murray, there was a search as last August,

8  right?

9      **MR. MURRAY:**  It was a search warrant last June,

10  your Honor, June of 2018.

11      **MAGISTRATE JUDGE McCARTHY:**  Okay.  So what's been

12  happening in the meanwhile?

13      **MR. MURRAY:**  Yes, your Honor.  So, after the search

14  warrant took place in June of 2018, HSI agents went to

15  Massachusetts in September of 2018 to review the

16  investigation and case files and also meet with some of the

17  victims in this case.

18      We identified Instagram messages where the

19  defendant requested and received child pornography from minor

20  female victims and sum -- additional summons were sent to

21  these Instagram customers to try to identify these

22  individuals.

23      In February of 2019 we tracked one of the

24  victims -- and this is for the production charges.  In

25  February of 2019 we tracked one of the victims to Cape Town,

US v. Guay – 19-MJ-63

1  south Africa.  And in late February of 2019 -- and I believe

2  that it's discussed in the affidavit -- but when the minor

3  victim was interviewed in South Africa, she admitted the

4  defendant requested and actually sent naked photos of herself

5  to the defendant.

6       **MAGISTRATE JUDGE McCARTHY:**  Now, in Paragraph 22 of

7  the affidavit it says on June 5th, 2018 -- almost a year

8  ago -- the defendant essentially admitted to almost

9  everything.  So, why are we only getting a complaint now?

10      **MR. MURRAY:**  Your Honor, and I understand your

11  Honor's concern.

12      **MAGISTRATE JUDGE McCARTHY:**  Thank you.

13      **MR. MURRAY:**  The -- so the investigation is far

14  reaching.  So there were victims who were in Massachusetts,

15  and Georgia --

16      **MAGISTRATE JUDGE McCARTHY:**  Yeah, understood.  But

17  if you're asking that he be detained as a risk of danger or

18  flight, I mean, he knew as of almost a year ago that he was,

19  I presume he knew he was in trouble.

20      **MR. MURRAY:**  And, your Honor --

21      **MAGISTRATE JUDGE McCARTHY:**  And he --

22      **MR. MURRAY:**  I agree with you.  We also, just to

23  corroborate and verify that these victims were, in fact, the

24  victims associated with production of child pornography, we

25  had forensic interviews that were conducted in February of

Case 1:19-cr-00103-JLS-HKS   Document 5   Filed 04/18/19   Page 9 of 25

1   2019 and April of 2019.  We wanted to conduct a full

2   investigation before we brought these charges.  We didn't

3   want to charge the defendant, for instance, and then continue

4   the investigation for over a year, engage in multiple

5   superseding indictments --

6           **MAGISTRATE JUDGE McCARTHY:**  Yeah, I understand all

7   that as a prosecution strategy.  But what is very difficult

8   for me to understand is how you can now claim that he's a

9   danger to the community when you've left him out there for

10   almost a year.

11         **MR. MURRAY:**  I understand, your Honor, and I think

12   the argument from the government is that now we've actually

13   confirmed from forensically interviewing these victims that

14   this did, in fact, take place.  So, unfortunately --

15           **MAGISTRATE JUDGE McCARTHY:**  He admitted it took

16   place.

17         **MR. MURRAY:**  He admitted that he exchanged images

18   back and forth with minor victims and then we had to pin down

19   who these minor victims were and also take statements from

20   them to establish that that, in fact, did take place.

21           **MAGISTRATE JUDGE McCARTHY:**  Okay.

22         **MR. MURRAY:**  So, unfortunately, on one side of the

23   fence, you know, if we charged this back in June, potentially

24   we could be running up speedy trial issues here but

25   obviously --

Case 1:19-cr-00103-JLS-HKS   Document 5   Filed 04/18/19   Page 10 of 25

1       **MAGISTRATE JUDGE McCARTHY:**  No, I understand all

2   that.  I'm just saying that it really undercuts your

3   position -- in my estimation, it really undercuts your

4   position that he's either a risk of flight or danger to the

5   community.

6       I'm not talking about guilt or innocence or

7   anything of that sort.  That's not for me to determine.  I'm

8   just talking about the factors.  I'll grant you the evidence

9   appears very strong but he's known for almost a year that

10  he's in trouble and apparently hasn't gone anywhere.

11      **MR. MURRAY:**  I understand, your Honor.  And I guess

12  I just want to emphasize that once the investigation was

13  complete, we got a charge -- we charged, we got a criminal

14  complaint signed approximately six days later.  So,

15  unfortunately it's a double-edged sword.

16      **MAGISTRATE JUDGE McCARTHY:**  On April 11th of this

17  year.

18      **MR. MURRAY:**  Yes.

19      **MAGISTRATE JUDGE McCARTHY:**  Yeah.

20      **MR. MURRAY:**  So, unfortunately, it's a double-edged

21  sword because you want to conducted a full investigation

22  before you charge the defendant by way of complaint.

23      On the other hand, I foresaw this issue bringing

24  the defendant in for a detention hearing because the other

25  issue is that there could be problems with arguing with

US v. Guay - 19-MJ-63

1   detention but that's, that's the position that --

2           **MAGISTRATE JUDGE McCARTHY:**  Okay.

3           **MR. MURRAY:**  -- that we took.

4           **MAGISTRATE JUDGE McCARTHY:**  Okay.  That's fair

5   enough.  I think I've heard your position.

6           Ms. McNeal, I'll hear from you and then I'll

7   hear --

8           **MR. MURRAY:**  Oh.

9           **MAGISTRATE JUDGE McCARTHY:**  -- from Mr. Bagley.

10  What?

11          **MR. MURRAY:**  Your Honor, I was going to go through

12  the various factors under 3142(g).

13          **MAGISTRATE JUDGE McCARTHY:**  I think I understand

14  the factors.  Again, I see what's in the affidavit.  I

15  haven't seen any report.  I'll hear from Ms. McNeal as to

16  what she has to tell me about her interview and his

17  background, et cetera.

18          I understand your position.  I'm not quarreling

19  with your position from a prosecution strategy.  I'm just

20  saying that in light of that, I think you have an uphill

21  battle, notwithstanding the presumption, if there is one, you

22  have an uphill battle in showing me that, if released, he

23  will pose a risk of flight or danger to the community.  I

24  want to hear about conditions.  If you want to go through all

25  the factors, go ahead.

US v. Guay - 19-MJ-63

1      **MR. MURRAY:**  Thank you, your Honor.

2      Turning to the factors to be considered for

3  detention pursuant to 18 U.S.C. 3142(g).

4      Looking at the first factor:  The nature and the

5  circumstances of the offense charged.  The defendant is

6  charged with production of child pornography, receipt of

7  child pornography, as well as possession of child

8  pornography.  And a description of that child pornography

9  which is produced at the defendant's behest -- and a

10  description of the child pornography that he received and

11  possessed is found in the complaint.  It's alleged the

12  defendant produced this by requesting naked photos from

13  prepubescent females.

14      The production count that's actually charged in the

15  criminal complaint involves the defendant requesting to see a

16  minor 12-year-old victim's genitalia which she thereafter

17  sent to the defendant.  So the defendant's not just viewing

18  this but he's also creating this.

19      Additionally, the defendant communicated with minor

20  females in Georgia, Massachusetts, South Africa and even

21  minors as far reaching as Germany, New Zealand and England;

22  chatted with approximately 37 different Instagram accounts

23  involving alleged minor females, some of which he requested

24  child pornography, some of which he engaged in sexual chat

25  and some of which he sent photos of his genitalia to these

US v. Guay — 19-MJ-63

1   young girls.

2          As detailed in the complaint, when requesting these

3   naked photos from the minor victims in Georgia, at one

4   juncture, the defendant threatened to commit suicide if the

5   images were not sent.

6          Forensic reports reveal the defendant had images

7   and videos of child pornography on his electronics in the

8   amount of 154 images and 5 videos.

9          And the nature and circumstances of this case

10  clearly weigh in favor of detention, especially in light of

11  the fact the defendant now is facing a mandatory minimum term

12  of 15 years in prison if convicted of production of child

13  pornography which would make him susceptible to flight.

14          Looking at the second factor:  The weight of the

15  evidence against the defendant.  The weight of the evidence

16  is quite strong.  As far as the count for possession of child

17  pornography is concerned, child pornography as just

18  indicated, was, in fact, found on the defendant's

19  electronics; in particular, he stated that he used an

20  LG G4 (sic) cell phone to send and receive child pornography

21  and 126 images and 1 video of child pornography was actually

22  found on that particular device.

23          And when questioned about the Instagram

24  conversations, as noted by your Honor previously, the

25  defendant made a number of confessions saying obviously I did

US v. Guay — 19-MJ-63

1    it.  I'll admit it.  I just don't personally remember it.  I

2    admit that but I don't remember every single thing.  Also

3    admitted to receiving nude images from minor females, the

4    Instagram, admitted that he exchanged nude images with minor

5    females which again corroborates the images and videos found

6    on his devices.

7           And forensic interviews from two of these minor

8    victims, one in Massachusetts and one in South Africa which

9    were conducted in February of and April of this year, further

10   confirms and corroborates that the defendant requested that

11   these minor victims produce naked images of themselves and

12   they did, in fact, produce it.

13          A forensic interview from one of the victims in

14   Georgia further corroborates and confirms the defendant

15   requested naked images from her.  So we have an attempted

16   production count there, as well.

17          And the Instagram chats further corroborate all of

18   this.

19          So based on the review of the electronics where the

20   child pornography was found, the Instagram conversations, the

21   admissions from the defendant, and the statements from a

22   number of these victims, the strong proof of these charges

23   again weighs in favor of detention.

24          Looking at the third factor:  The history and

25   characteristics of the defendant.  The defendant has been

US v. Guay – 19-MJ-63

1   engaging in the collection and possession of child

2   pornography for a significant period of time.  This was not a

3   one-time thing.

4          The forensic evidence reveals that the 27-year-old

5   defendant has been downloading and obtaining child

6   pornography for most of his adult life.  For instance, the

7   create date for some of the images found on his electronic

8   devices dates back to 2011, which means that he downloaded

9   those images at around the time dating back to when he was 19

10  years of age.  In November of 2016, when the defendant was 24

11  years of age or 25 years of age, the defendant was

12  communicating in a sexual nature with a number of females --

13  which is how he was developed as a suspect in this case --

14  minor females in Massachusetts.  Thereafter, he communicated

15  with two 12-year-old females in Georgia.  And based on,

16  again, the Instagram search warrant, approximately 37

17  different Instagram accounts of purported minor females the

18  defendant engaged in conversations with.

19         Additionally, he downloaded some of these images of

20  child pornography on April 2nd, 2017, when he was 26 years

21  old, the date of receipt in the complaint.  And he possessed

22  these on June 5th of 2018 at the age of 27.

23         So, throughout the defendant's entire adult life,

24  he has been engaged in obtaining and possessing child

25  pornography and these factors further weigh in favor of

US v. Guay – 19-MJ-63

1   detention.

2          And, finally, your Honor, turning to the nature and

3   seriousness of the danger to any person in the community that

4   would be posed by the defendant's release.  Due to the

5   defendant engaging in the production of child pornography and

6   due to the defendant being found in possession of child

7   pornography, the defendant is, in fact, an extreme danger to

8   the community.  And, again, at this juncture, there is no

9   allegation that we know of of hands-on contact with any of

10  the victims.

11         But here we have an individual who has produced

12  child pornography at the expense of real victims which makes

13  him an extreme danger if released, a danger to all children

14  in the community.  The defendant's crimes have been far

15  reaching, affecting minors in Massachusetts, Georgia and

16  South Africa.

17         It's also my understanding the defendant is a

18  caregiver for his girlfriend's children for three days a

19  week.  Those children are 1, 2 and 4 years of age and with

20  these allegations, it's also very concerning the defendant

21  could have access to those kids.

22         **MAGISTRATE JUDGE McCARTHY:**  Wait.  All right.  When

23  did the government learn this?

24         **MR. MURRAY:**  When did we find out about that, your

25  Honor?

US v. Guay – 19-MJ-63

1          **MAGISTRATE JUDGE McCARTHY:**  Yeah.

2          **MR. MURRAY:**  I got a phone call from the agent

3    about an hour ago with that information.

4          So, your Honor, there are, respectfully, no

5    conditions or combination of conditions that would reasonably

6    assure the defendant's appearance to face the charges that

7    are currently pending against him and to protect the safety

8    of the community.

9          Thank you, your Honor.

10         **MAGISTRATE JUDGE McCARTHY:**  Okay.  Ms. McNeal, can

11   I hear from you before I hear from Mr. Bagley.

12         **PROBATION OFFICER McNEAL:**  Yes, your Honor.

13         To give the Court a background on the defendant.

14   He advised he was born Shane Michael Guay on May 4th, 1991,

15   in Jamestown, New York.  The defendant denied ownership or

16   possession of any international travel documents.  He also

17   indicated that he has never left the United States.  He

18   advised that he has been residing at 147 North 8th Street in

19   Olean, New York for approximately 21 years.  He advised his

20   mother rents this residence and he lives with his brother and

21   his mother here.

22         He advised that there are no weapons there.  He

23   acknowledged a previous residential history in New Hampshire

24   from 1997 to 1998.

25         He advised that he will return to his mother's

US v. Guay - 19-MJ-63

1   residence at 147 North 8th street in Olean, New York if he is

2   released by the Court.  He advised that he maintains a

3   positive relationship with his mother.

4          He has three siblings, one who resides with him,

5   another who -- the other two reside in Pennsylvania.  He

6   noted positive relationships with all family members.  He

7   advised his father is deceased but prior to him passing away,

8   their relationship was okay.

9          He indicated that he is single.  He has never been

10  married before.  He has been in a relationship with Angel

11  Lycedd who is 25 years old who lives in Portville, New York

12  for nine months.  He indicated that there is a positive

13  relationship between him and Ms. Lycedd.  He denied that he

14  has any children but did acknowledge that Ms. Lycedd has

15  three children, ages 4, 2 and 1.

16         He indicated he received his high school

17  equivalency diploma in 2019 and he had completed, previous to

18  that time, he had completed the tenth grade at Olean High

19  School.  He denied any military history.  No vocational

20  training.  He denied any medical -- or -- yes, any medical

21  history.  He advised that he has never seen a counselor,

22  psychiatrist, but he did have some thoughts of suicidal,

23  suicidal thoughts back in high school.  He denies any adult

24  history of mental illness.

25         He indicates that he gambles approximately once per

US v. Guay - 19-MJ-63

1 month at the Seneca Allegany Casino where he spends 20 to $40
2 at a time.

3          As it relates to the defendant's access to minors,
4 he acknowledged that he does have access to his girlfriend's
5 children who he recently applied for government assistance
6 for providing child care.  He acknowledged that he also has
7 nieces and nephews but he has not seen them in several
8 months.  He denied volunteering anywhere.  He indicated that
9 his only electronic device was an LG G6 (sic) smart phone
10 which was taken from him.  He advised that's the only manner
11 in which he accesses the internet.  He indicated that there
12 is access to internet at both his girlfriend's residence and
13 his mother's residence provided through Spectrum and he
14 indicated that there is a computer at his girlfriend's house
15 but he does not use it.

16          He advised that he occasionally consumes alcohol
17 one to two times per year.  He advised of prior use of
18 amphetamines during high school; marijuana from the age of 13
19 to 23; powder cocaine during high school; and prescription
20 opiates during high school.  He indicated that he does not
21 have any current use of substances and he has never received
22 treatment.

23          The defendant indicated that he's not employed.
24 There is no reason, mentally or physically, as to why he
25 cannot work.  He indicated that he has been providing child

US v. Guay - 19-MJ-63

1    care for his girlfriend's children since January 14th, 2019.

2    And as previously stated, he recently applied for government

3    assistance to compensate him for that.  He indicated

4    previously he worked at Holiday Valley seasonally for

5    approximately four years as a ski lift attendant.  And he

6    does not have any prior work history beyond that.

7            He indicated that he currently is financially

8    supported by public assistance of which he receives $362 a

9    month.  He indicated that his girlfriend, while unemployed,

10   is a full-time student and she also receives public

11   assistance and child support.  He indicated that he

12   contributes $200 per month towards the household expenses at

13   his mother's residence and his mother provides the remainder

14   of the financial support.  He indicated he has approximately

15   $30,000 in outstanding medical bills and, other than that, he

16   does not have any other assets or liabilities.

17           He indicated that his mother might be willing to

18   cosign a bond on his behalf and that his mother would be able

19   to verify the information in this report, which at this time

20   this information remains unverified, as I just interviewed

21   the defendant prior to court this afternoon.

22           Based upon that information, your Honor, I --

23           **MAGISTRATE JUDGE McCARTHY:**  Do you have a criminal

24   history?

25           **PROBATION OFFICER McNEAL:**  I do not have a criminal

US v. Guay – 19-MJ-63

1    history for this defendant.  I am being told the defendant

2    does not have a criminal history.

3           However, based upon that information, your Honor,

4    our recommendation would be detention until this information

5    can be verified with his mother with whom he has indicated he

6    would be residing.  That would be very important.

7           If there were going to be conditions of release, at

8    the very least they would be including GPS monitoring and we

9    would like time to look at the defendant's residence to make

10   sure it is suitable for that.

11          **MAGISTRATE JUDGE McCARTHY:**  Okay.

12          **MR. BAGLEY:**  Judge, I think you know my position.

13   We had a strikingly similar case just yesterday.  I'm not

14   going to go through everything that you know that I am going

15   to say.

16          What I am going to say, Judge, typically in these

17   cases we're kind of making a guess as to whether the person

18   sitting to my right is going to be coming back to court, is

19   going to be a flight risk, is going to be a danger.

20          We basically have ten months where he's been

21   released on his own recognizance.  And there's been no

22   evidence or suggestion that anything untoward has happened

23   during those ten months.  So we don't have to guess.  We

24   know.  So it's even more clear in a case like this, Judge.

25          So I'd ask that you impose conditions that the

US v. Guay – 19-MJ-63

1   Court finds reasonable.

2          With respect to the minor children that he looks

3   after, his girlfriend is sitting right behind me, Angel.  I

4   spoke with her just before this appearance and she remains

5   supportive of him.  I told her what the charges are.  She

6   still remains supportive of him.  We would have no objection,

7   however, to a condition that he's not allowed -- they're not

8   his biological children -- therefore, we'd have no objection

9   to a condition that he's not allowed to have any contact with

10  them.

11         Thank you.

12         **MAGISTRATE JUDGE McCARTHY:**  Is his mother present?

13         **MR. BAGLEY:**  She wasn't able to get here yet,

14  Judge.  I do have a phone number and we're trying to get in

15  touch with her.

16         **MAGISTRATE JUDGE McCARTHY:**  All right.  This is

17  Judge Schroeder's case.  It's not mine.  I'm covering it for

18  him.  He will be back tomorrow.  I'm going to suggest that,

19  Debbie, do we -- is there a particular time that's?

20         **THE CLERK:**  Looking at tomorrow for Judge

21  Schroeder?

22         **MAGISTRATE JUDGE McCARTHY:**  Yeah.

23         **THE CLERK:**  He has something at 2.  I could do like

24  1:30 or something like that or 2:30.

25         **MR. MURRAY:**  That will work for the government,

US v. Guay — 19-MJ-63

1  your Honor.

2          **THE CLERK:**  That's on the 18th.  The 19th is open

3  so I don't know.

4          **MR. BAGLEY:**  That would be fine, 1:30.

5          **THE CLERK:**  1:30 on the 18th, which is tomorrow.

6          **MAGISTRATE JUDGE McCARTHY:**  All right.  It will be

7  Judge Schroeder's determination.  But since we've gone

8  through this procedure, you should feel free to tell him that

9  my reaction of this, which is, again, I do not fault the

10  government for their prosecution strategy but I think the

11  delay in bringing him to this court severely undercuts their

12  argument that he would be either a risk of flight or danger

13  to the community if released on conditions.  He's known since

14  June 5th of last year when he allegedly gave the statements

15  and, clearly, when the search of the house took place, he's

16  known that of at least a strong potential for criminal

17  consequences and apparently he has not fled and he has not

18  gone anywhere.

19          Having said that, I -- he's facing very serious

20  charges.  I would be inclined to recommend release on home

21  incarceration to live with his mother, to have no contact

22  whatsoever with any minor children, to have his mother sign a

23  $50,000 signature bond, to be placed under GPS monitoring or

24  electronic monitoring as probation sees fit, and then the

25  other standard conditions of release with respect to child

US v. Guay – 19-MJ-63

1    porn cases.

2          Having said that all, and I will let Judge

3    Schroeder know my thoughts but those would be my

4    recommendations but it will be up to him.

5          And, obviously, Ms. McNeal, you need the

6    opportunity to verify the information with his mother and I

7    think she should be here tomorrow if Judge Schroeder's going

8    to grant release on those or similar conditions but that will

9    really be up to him.  Okay.

10          **MR. MURRAY:**  Thank you, your Honor.

11          **MAGISTRATE JUDGE McCARTHY:**  So we'll continue the

12    hearing until tomorrow for further proceeding before Judge

13    Schroeder.  And defendant will be remanded.

14          And given that the government's motion for

15    detention remains pending, time's excluded between today and

16    tomorrow from the Speedy Trial Act calendar.

17          **MR. MURRAY:**  Thank you, your Honor.

18          (**WHEREUPON,** proceedings were adjourned.)

19

20

21

22

23

24

25

1

2

3                    *            *            *

4                **CERTIFICATE OF TRANSCRIBER**

5

6          In accordance with 28, U.S.C., 753(b), I

7   certify that this is a true and correct record of proceedings

8   from the official electronic sound recording of the

9   proceedings held in the United States District Court

10  for the Western District of New York before

11  Magistrate Jeremiah J. McCarthy on April 17, 2019.

12

13

14  S/ Diane S. Martens

15  Diane S. Martens

16

17

18

19

20

21

22

23

24

25