IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                                  19-CR-103-JLS

SHANE GUAY,

            Defendant.

## GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE
## TO OBJECTIONS TO REPORT AND RECOMMENDATION

The United States of America, through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Meghan A. Tokash, Assistant United States Attorney, of counsel, hereby files its reply to the defendant's response to the government's objections to the Report and Recommendation. See Doc. No. 43.

### That Investigator Walsh Was Unaware
### Of The Email Is Not A "New Claim"

The singular reason behind the government filing supplemental objections on February 11, 2020 was to highlight for the Court that Investigator Walsh had no knowledge of the email between the defendant and a Harris County, Georgia investigator at the time time said parties were communicating. See Doc. No. 33. This is not the first time the defense is hearing this. Indeed, the prosecution raised the argument before Magistrate Judge Schroeder, and opposing counsel had a front row seat to hear it.

The undersigned is the sixth Assistant United States Attorney assigned to this file. As defense counsel aptly noted at oral argument, every previous counsel handling this file subsequently left the U.S. Attorney's Office for other opportunities.[1] This case came to the undersigned prosecutor, and along with it, a face-to-face briefing by the lead Homeland Security Investigations (HSI) case agent. To suggest that HSI lied to the prosecution regarding lack of knowledge of a parallel investigation is a bold and baseless claim. To imply that the prosecution took no stock in what HSI said, yet nonetheless made a deliberate choice to advance a lie for the sake of prevailing on this issue—and tout it before a United States Magistrate Judge, and now a United States District Court Judge—is unseemly and offensive. The timeline presented to the Magistrate Court, the accompanying argument, and this prosecutor's own inquiry with law enforcement more than substantiated HSI's position that they had no knowledge of a parallel investigation.

### **Investigator Walsh Did Not Provide False Factual Information in his Affidavit and the Record Does Not Support the Finding that the Investigator Knowingly Omitted Relevant Caselaw from the Second Circuit Court of Appeals**

Since the rest of the defense response involves agruments previously raised at Docket 43—that is, staleness and knowingly misleading the Magistrate—the prosecution would respectfully as the Court to consider those points raised in the Government's Objections at Docket 39. Since the investigator's conduct here does not evince deliberate and culpable conduct, the exclusionary rule should not apply. It bears repeating that to trigger the exclusionary rule, "[P]olice conduct myst be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by

---

[1] This reference is not intended to be pejorative; it is merely to offer context for the Court. This is already on the record from the oral argument before the Magistrate.

the justice system." Herring, 555 U.S. at 144. Here where the investigator acted with "an objectively reasonable good-faith belief that [his] conduct [was] lawful," and it involved, at worse, "simple, isolated negligence," exclusion simply "cannot pay its way." Davis, 131 S.Ct. at 2427–28 (internal quotation marks omitted).

There is a marked difference between a police officer doing his best—in this case, relying on some boilerplate search warrant language that contained nuances not readily apparent to a police officer—and a complete collapse of integrity. For all the slings and arrows the defense throws at law enforcement in its filings—concomitant with the hackneyed dose of anti-government rancor—none are more tasteless than the suggestion that Investigator Walsh intentionally lied to Justice Palumbo by falsely misrepresenting the law.

Again, at worst, Investigator Walsh—who is not a lawyer—was negligent when he raised the issue of staleness to Judge Palumbo by citing caselaw that omitted recent, and contrary, Second Circuit decisions. This omission, while disconcerting, does not rise to the level of knowingly misleading the issuing magistrate let alone willful and deliberate midconduct on the part of Investigator Walsh such that the evidence obtained from the search should be cast aside *at great social cost*. To be perfectly clear, that great social cost entails the ongoing sexual exploitaion of the most vulnerable segment of our population: children.

Investigator Walsh is not rubbing a proverbial lamp for a second chance here. Investigator Walsh did the right thing with the information he had at the time in an effort to protect children from being harmed. His openess regarding the stalness of the warrant should be a nod to his probity—not a nail closing the lid on his career as a law enforcement officer.

3

## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the government respectfully submits that the Court reject the Magistrate's Report and Recommendation.

DATED: Buffalo, New York, May 21, 2020.

                                                  JAMES P. KENNEDY, JR.
                                                United States Attorney

BY:    s/ MEGHAN A. TOKASH
         Assistant United States Attorney
         United States Attorney's Office
         Western District of New York
         138 Delaware Avenue
         Buffalo, New York   14202
         716/843-5860
         Meghan.Tokash@usdoj.gov