IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                   19-CR-103-JLS

SHANE GUAY,

              Defendant.

_____



### PLEA AGREEMENT

The defendant, SHANE GUAY, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.      THE PLEA AND POSSIBLE SENTENCE

1.      The defendant agrees to plead guilty to Count 3 of the Indictment which charges a violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1) (receipt of child pornography), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least five years and up to life.  The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that the Court may also impose an assessment of not more than $35,000 for the offense of conviction pursuant to Title 18, United States Code, Section 2259A(a)(1), in addition to any other criminal penalty, restitution, or special assessment.

3.     The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victims as determined by the Court, but no less than $3,000 per victim. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

4.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

5.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

6.     The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.   ELEMENTS AND FACTUAL BASIS

7.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.      The defendant knowingly received a visual depiction of child pornography as defined in Title 18, United States Code, Section 2256(8);

b.      The visual depiction of such child pornography had been shipped or transported in or affecting interstate or foreign commerce using any means or facility of interstate or foreign commerce; or had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

c.      The defendant knew the visual depiction constituted child pornography.

## FACTUAL BASIS

8.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.      On or about November 6, 2016, in the Western District of New York, the defendant received an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), of Victim 1, who was 12 years old at the time. On or about November 8, 2016, in the Western District of New York, the defendant received two images of child pornography, as defined in Title 18, United States Code, Section 2256(8), of Victim 2, who was 13 years old at the time. The images were transported in interstate or foreign commerce via the Instagram application and received by the defendant. The defendant communicated with the minor victims via Instagram for the purpose of soliciting them to produce images of child pornography. The defendant knew that the images he received constituted child pornography.

b.      The following electronic devices were seized from the defendant's residence and found to contain images and videos of child pornography as defined in Title 18, United States Code, Section 2256(8): one (1) Acer Aspire Laptop, bearing serial no. LU5DE0D1600347C6E41601, which was found to contain thirteen images and two videos of child pornography, some of which depicted prepubescent children; one (1) Compaq Presario Tower, bearing serial no.

4

MXK4181PW3, which was found to contain fifteen images of child pornography, some of which depicted prepubescent children; one (1) Dell Inspiron Laptop, bearing serial no. 6536C91, which was found to contain approximately two videos of child pornography, which depicted prepubescent children; and one (1) LG G4 cellphone, bearing serial no. 602CYCV0219059, which was found to contain approximately one-hundred and twenty-six images and one video of child pornography, some of which depicted prepubescent children.

c.    Some of the images of child pornography depicted prepubescent minors or minors under the age of 12 years of age, as well as sadistic or masochistic conduct sex abuse images.  The defendant possessed a total of 587 images of child sex abuse images, and admitted to agents that he distributed child sex abuse images.

### III.    SENTENCING GUIDELINES

9.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

10.    The government and the defendant agree that Guidelines § 2G2.2(a)(2) applies to the offense of conviction and provides for a base offense level of **22**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

11.    The government and the defendant agree that the following specific offense characteristics do apply:

a.    the **two** level increase pursuant to Guidelines § 2G2.2(b)(2) [the material involved a prepubescent minor or a minor who had not attained the age of 12 years];

b. the **four** level increase pursuant to Guidelines § 2G2.2(b)(4)(A) [the offense involved sadistic or masochistic conduct or other depictions of violence];

c. the **five** level increase pursuant to Guidelines § 2G2.2(b)(5) [the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor];

d. the **two** level increase pursuant to Guidelines § 2G2.2(b)(6) [the offense involved the use of a computer or an interactive computer service for receipt of the material, or for accessing with intent to view the material]; and

e. the **four** level increase pursuant to Guidelines § 2G2.2(b)(7)(C) [the offense involved at least 300 images, but fewer than 600 images].

## ADJUSTED OFFENSE LEVEL

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **39**.

## ACCEPTANCE OF RESPONSIBILITY

13. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **36**.

## CRIMINAL HISTORY CATEGORY

14. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

15.     It is the understanding of the government and the defendant that, with a total offense level of **36** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **188-235**, a fine of $40,000 to $400,000, and a period of supervised release of 5 years to life.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement

16.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

17.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in the agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

18.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   REMOVAL

19.   The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States the defendant understands that if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND RESERVATIONS

20.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.      advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

21.    At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

22.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   <u>APPEAL RIGHTS</u>

23.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

24.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.  COMPUTER FORFEITURE

26.     The defendant agrees to criminally forfeit to the United States voluntarily all of his right, title and interest to any and all assets which are subject to forfeiture pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3). These assets include:

a.     One (1) Acer Aspire Laptop, bearing serial number LU5DE0D1600347C6E41601;

b.     One (1) Compaq Presario Tower, bearing serial number MXK4181PW3;

c.     One (1) Dell Inspiron Laptop, bearing serial number 6536C91; and

d.     One (1) LG G4 cellphone, bearing serial number 602CYCV0219059.

27.     The Forfeiture and Judgment of the above listed property will be referenced in the PRELIMINARY ORDER OF FORFEITURE and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim. The defendant hereby waives any other notice of such Order.

28.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

29.     The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

30.     The defendant agrees to the entry of orders of forfeiture for the aforementioned assets and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the

forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time his guilty plea is accepted.

31.    The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

## IX.    TOTAL AGREEMENT AND AFFIRMATIONS

32.    This plea agreement represents the total agreement between the defendant, SHANE GUAY, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:    _____
MEGHAN A. TOKASH
Assistant United States Attorney

Dated:  December 2 , 2020

12

I have read this agreement, which consists of pages 1 through 13.  I have had a full opportunity to discuss this agreement with my attorney, JEFFREY T. BAGLEY, AFPD.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.


_____            _____
SHANE GUAY                                          JEFFREY T. BAGLEY, AFPD
Defendant                                               Attorney for the Defendant

Dated:  December  2  , 2020                 Dated:  December  2  , 2020