IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                                                                    19-CR-103-JLS

SHANE GUAY,

                      Defendant.

_____

## GOVERNMENT'S MOTION FOR A
## PROTECTIVE ORDER AND ORDER TO SEAL

**THE UNITED STATES OF AMERICA**, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Meghan A. Tokash., Assistant United States Attorney, hereby moves the Court for a Protective Order pursuant to Title 18, United States Code, Section 3509(d)(1) and for an Order permitting the filing of victim impact statements and restitution requests under seal, for the reasons set forth below.

    1.      On December 2, 2020, Shane Guay pled guilty to Count 3 of an Indictment charging him with a violation of Title 18, United States Code, Section 2252A(a)(2)(A) and 2252A(b)(1) (receipt of child pornography).  Sentencing is scheduled for April 1, 2021.

    2.      Defendant Shane Guay knowingly received images of children engaged in sexually explicit conduct, some of which depicted prepubescent minors and minors under the age of twelve years.  Some of the images of child pornography contained children whose identities are known.

3. Child pornography images permanently memorialize the sexual exploitation of the victims depicted. These images are most often circulated on the Internet, allowing untold numbers of people to view this victimization again and again. Unfortunately, most of these children have never been identified. However, some children have been identified through the efforts of law enforcement. Regardless of whether they have been identified, every child depicted in images of child pornography that have been distributed, received, or possessed in violation of Federal law, as charged in Federal district court, has been "directly and proximately harmed as a result of a commission of a Federal offense." Title 18, United States Code, Section 3771(e). Similarly, every child depicted in such images, regardless of whether the images are the basis of federal charges, has "suffered direct physical, emotional, or pecuniary harm as a result of the commission of a crime." Title 42, United States Code, Section 10607(e)(2).

4. The Government has complied with the Justice For All Act, Title 18, United States Code, Section 3771(b), by notifying the victims about the charges and plea. Some of the child victims have submitted victim impact statements and restitution requests outlining how the possession and downloading of their image has negatively affected them. Title 18, United States Code, Section 3509(d) authorizes the filing under seal of the name or any other information concerning a child. Furthermore, Title 18, United States Code, Section 3509(d)(1) requires the Government, the defendant and defense counsel, among other things to "keep all documents that disclose the name or any other information concerning the child in a secure place and shall disclose the documents only to persons who by reason of their participation in the proceeding have a reason to know the information." Additionally, Title 18, United States Code, Section 3771(a)(8) makes clear that a victim has "the right to be

treated with fairness and with respect for the victim's dignity and privacy."  Since victim impact statements and restitution requests may contain the name of child victims as well as other identifying and personal information, the government requests the Court to seal the victim impact statement and restitution request, and issue a Protective Order limiting disclosure.

5. Pursuant to Title 18, United States Code, Section 3509(d), it is further requested that the material and copies referenced in Paragraph 4, shall not be disclosed to the media or any other person or entity except to those persons who, by reason of their participation in the proceeding, are entitled.   Nothing shall prohibit a party from using the material in connection with the proceedings in this litigation, including appeal or any collateral enforcement proceedings.

6. It is further requested that copies shall not be provided to third parties except those employed or engaged for the purpose of this litigation, who shall also be bound by order of the Court.

DATED:   Buffalo, New York, March 18, 2021.

        JAMES P. KENNEDY, Jr.
        United States Attorney

BY:   s/ MEGHAN A. TOKASH
      Assistant United States Attorney
      United States Attorney's Office
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York   14202
      716/843-5860
      Meghan.Tokash@usdoj.gov