UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v. 19-CR-103-JLS

SHANE GUAY,

Defendant.




**STIPULATION & ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, United States of America ("Plaintiff"), through James P. Kennedy, Jr., United States Attorney, by Laura A. Higgins, Assistant United States Attorney, of counsel, and Defendant's attorney, Jeffrey Bagley, AFPD, and Defendant, SHANE GUAY, as follows:

1. Pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664, the parties do hereby agree to the terms and conditions set forth in this Stipulation and Order for restitution to be ordered in the above-entitled criminal action.

2. On December 2, 2020, the Defendant pled guilty to Count 3 of the Indictment which charges a violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1) (receipt of child pornography). See Docket 60 at ¶ 1. The Plea Agreement contemplates a mandatory minimum sentence of 5 years imprisonment and a maximum possible sentence of 20 years imprisonment, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life. Id. at ¶ 1. The

Plea Agreement further contemplates the dismissal of the remaining charges in the Indictment. Id. at ¶ 21.

3. After the Plea Agreement, the government received a request for restitution from the mother of Minor Victim 2, who is listed in the Indictment in Counts 4-6, which are all contemplated for dismissal at the time of sentencing. See Docket 73. The request is for 75,866 South African Rand, which converts to approximately $5,317 in United States dollars. Id. The government acknowledges that based on the terms of the Plea Agreement and the Crime Victims' Rights Act, which affords victims of crimes the right to seek and the Court to order restitution by a Defendant, the defendant has no obligation to pay this restitution.

4. Nevertheless, on or about April 16, 2021, the Defendant, through his counsel Jeffrey Bagley, AFPD, agreed to make restitution in the amount of $5,317.22 to Minor Victim 2.

5. The parties agree that, in addition to the terms and conditions outlined in the Plea Agreement, the Defendant shall pay $5,317.22 as part of the sentence, pursuant to Title 18, United States Code, Section 3663(a)(3), and shall be incorporated into the Judgment and Conviction as if set out verbatim therein.

6. The Defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provide for in Title 18, United States Code, Section 3613, and (ii) submitted to the Treasury Offset Program ("TOP") so that any federal

payment or transfer of returned property the Defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

7. This agreement does not in any way supplement, modify, amend, or supersede the signed Plea Agreement in this case. The parties enter into this agreement only to facilitate the imposition and payment of restitution that the Defendant has agreed to pay to Minor Victim 2.

8. The Defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

9. The Defendant agrees that any funds and assets in which the Defendant has an interest, which have been seized or restrained by the government or law enforcement as part of its investigation, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed to satisfy any debts owed by the Defendant to the United States and/or agencies thereof.

10. The Clerk of the Court collects all payments on monetary penalties imposed in criminal cases; accordingly, all payments should have Criminal Case No. 19-CR-103 written in the lower left corner of the check and should be made payable to the **CLERK, U.S. DISTRICT COURT**, and be mailed to the following address:

**CLERK, U.S. District Court**
**2 Niagara Square**
**Buffalo, New York 14202**

11. The parties further agree and represent that they have thoroughly considered all aspects of this Stipulation and Order, and that the Defendant is knowingly and voluntarily entering into this Stipulation and Order.

12. The terms set forth above represent the entire agreement concerning the payment of restitution by the Defendant, and it can be modified only by the written agreement of the parties or Court Order

13. Upon payment in full, the Government will file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript of Judgment has been filed.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: LAURA A. HIGGINS
Assistant United States Attorney

Dated: May 14, 2021

SHANE GUAY
Defendant

Dated: May 14, 2021

JEFFREY T. BAGLEY, AFPD
Attorney for the Defendant

Dated: May 14, 2021

**SO ORDERED.**

DATED: May 14, 2021
Buffalo, NY

HONORABLE JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

19-CR-103
(Stipulation for restitution)